### Ex parte ANDERSON.

### PEARSON v. ANDERSON.
### No. C. A. 1535.

United States District Court
W. D. South Carolina,
Greenville Division.

Dec. 31, 1953.

UNITED STATES
v.
CONTINENTAL CHEMICAL & EN-
GINEERING SUPPLY et al.
Civ. No. 865.

United States District Court
D. Hawaii.
Dec. 21, 1953.

Love, Thornton & Blythe, Greenville, S. C., John G. Dawson, Kinston, N. C., for plaintiff.

W. Francis Marion, Greenville, S. C., Haynsworth & Haynsworth, Greenville, S. C., for petitioner.

WYCHE, Chief Judge.

The above matter is before me upon the petition of the defendant Robert Gordon Anderson to make Harry Pearson, the driver of the automobile in which plaintiff, his wife, was riding at the time of the accident involved in this controversy, a third-party defendant.

After a consideration of the complaint of Lena C. Pearson, the wife of Harry Pearson, the petition of Robert Gordon Anderson, and the proposed third-party complaint, I am of the opinion that the petition should be denied, and

It Is So Ordered.

■ It appears from the pleadings in this case that Lena C. Pearson is a resident of the State of North Carolina, and nothing else appearing to the contrary, it must be assumed that her husband is also a resident of the State of North Carolina.

■ If the petition should be granted, whether or not service will ever be made upon Harry Pearson in the State of South Carolina is at least problematical. The plaintiff should not be penalized by having her case delayed until the defendant perchance may properly obtain jurisdiction of Harry Pearson on his third-party complaint. See, County Bank, Greenwood, S. C. v. First National Bank of Atlanta, 4 Cir., 184 F.2d 152.